*wrongful death /1983*

*15-LTGN-971*



# CITY OF ATLANTA
# LAW DEPARTMENT

## RECEIPT OF LAW SUITS

*Bob Godfrey
Tamar Beisher
pl. copy Amber as an FYI
and Tamara let me know
what the story is on
this.*

**Style of Case:** Teresa Williams, as surviving spouse and Administratrix of the Estate of Lewis Williams, Jr, deceased  vs. COA

**Case Number:** 15EV00168a

### Court (please check one):

[ ] Fulton Superior      [✓] Fulton State      [ ] USDC (United States District Court)

[ ] Fulton Magistrate    [ ] Other _____

### Service Method (please check one):

[ ] Fulton County Sherriff        [ ] Dekalb County Sheriff

[ ] County Marshal                [ ] Courier

[✓] Process Server                [ ] Hand Delivered by Plaintiff

[ ] U.S. Mail                     [ ] Facsimile

[ ] Hand Delivered by City Employee   [ ] Received by Law Department Staff

[ ] Undetermined                  [ ] Other _____

**Name of Person Serving Suit (please print):** Michael Wingo

**If person serving Suit is a Process Server or Courier Contact #** (404) 627-7777

**Signature of Person Accepting Suit:** _____

**Date Received:** 7/6/2015          **Time Received:** 12:09 pm

Re-Order From Multiprint 770-413-0313



15EV001682

GEORGIA, FULTON COUNTY

**E-FILED
16EV0016
7/1/2015 12:44:25 F
Cicely Barber, Cle
Civil Divisi

STATE COURT OF FULTON COUNTY
Civil Division

DO NOT WRITE IN THIS SPACE

CIVIL ACTION FILE NO. _____

*** NOTE-- DESIGNATED E-FILE CASE – ANSWER AND ALL
PLEADINGS MUST BE E-FILED ****
CONTACT THE COURT AT 404.613.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT 1.888.529.7587

Teresa Williams, as surviving spouse and Adminsitratrix

of the Estate of Lewis Williams, Jr., deceased

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

City of Atlanta, Georgia, Atlanta Police Department, Police

Chief George N. Turner, Individually and in his official capacity

and Officer Justin Lock, Individually and in his official capacity

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [X] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | *********** |
| [X] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Jan P. Cohen

Address: 4227 Pleasant Hill Road, Bldg 11, Ste 300

City, State, Zip Code: Duluth, Georgia 30096        Phone No. 770-495-6694

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. DEFENSE MAY BE MADE & JURY TRIAL DEMANDED, via electronic filing through LexisNexis or, if desired, at the e-filing public access terminal in the Clerk's Office at 185 Central Ave, S.W., Room TG100, Atlanta, GA 30303.

This _____        Cicely Barber, Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

## SERVICE INFORMATION:

Served, this _____ day of _____, 20_____.        _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

**E-FILED
15EV0016
7/1/2015 12:44:25 F
Cicely Barber, Cle
Civil Divisi

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| TERESA WILLIAMS, as Surviving Spouse and Administratrix of the Estate of Lewis Williams Jr., Deceased, | ) ) ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | FILE NO.: |
| | ) | |
| v. | ) ) | |
| CITY OF ATLANTA, GEORGIA; ATLANTA POLICE DEPARTMENT; POLICE CHIEF GEORGE N. TURNER,) Individually and in his official capacity; and OFFICER JUSTIN LOCKE, Individually and in his official capacity, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**Received**

JUL 6 2015

1:52 pm

City of Atlanta Dept of Law

**COMPLAINT**

COMES NOW, Teresa Williams, as Surviving Spouse and Administratrix of the Estate of Lewis Williams Jr., Deceased, Plaintiff in the above-styled action, by and through the undersigned counsel, Kenneth S. Nugent, P.C., and hereby files this her Complaint (the "Complaint") against Defendants City of Atlanta, Atlanta Police Department, Chief of Police George N. Turner and Officer Justin Locke, and shows this Honorable Court as follows:

**GENERAL ALLEGATIONS**

1.

This is an action for damages against the Defendants named herein for committing acts and omissions under color of law, custom, and usage, which deprived Plaintiff's decedent of rights secured to him under the Constitution and laws of the United States, specifically the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and applicable laws of the State of Georgia.

1

2.

On July 3, 2014, Plaintiff's deceased husband, Lewis Williams Jr. (hereinafter "the decedent") an African-American citizen of the United States and of the State of Georgia, was shot and killed by Defendant Justin Locke (hereinafter "Locke"), a white policeman, in the course and scope of his employment by the City of Atlanta, Georgia in Atlanta, Georgia, without legal cause or excuse, while unreasonably violating his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

3.

The Plaintiff is the surviving spouse of the decedent and proceeds individually and in her capacity as the Administratrix of his Estate. The Plaintiff seeks compensation for the full value of the life of the decedent, because of his wrongful death, and in her capacity as Administratrix of his Estate, seeks compensation for the mental and physical pain and suffering he was forced to endure prior to his death, and for reimbursement of the funeral expenses attendant to his death as set forth herein.

4.

Defendant City of Atlanta, Georgia (hereinafter "City of Atlanta") is a municipal governmental entity organized and existing under the laws of the State of Georgia, and maintains an office at 55 Trinity Avenue, SW, Atlanta, Fulton County, Georgia. Defendant City of Atlanta had in force policies, practices, and customs instrumental in and to the constitutional and statutory violations set out herein.

5.

Defendant Atlanta Police Department (hereinafter "Atlanta PD") is a division of the Defendant City of Atlanta, and at all times pertinent to the events alleged herein, Defendants Locke and Turner were acting within the scope of their employment as representatives of

2

Defendants City of Atlanta and Atlanta PD. Each member of this association participated in the subject incident personally and/or through their designated agents.

6.

Upon information and belief, Plaintiff alleges that the City of Atlanta Commissioner's Office and/or Police Chief George Turner (hereinafter "Turner") of the Atlanta PD have been designated as agents on behalf of the City of Atlanta and/or Atlanta PD to administer the activities of the Atlanta PD. Said Defendants are subject to the jurisdiction of this Court. Notice of Plaintiff's claims against the Defendants herein has previously been given as required by law.

7.

At all times pertinent to the events alleged herein, Defendant Locke was operating and acting under color of law, custom, and usage, and as an agent of Defendants City of Atlanta and Atlanta PD. Said Defendant is subject to the jurisdiction of this Court.

8.

At all times pertinent to the events alleged herein, Defendant Turner was the duly appointed Police Chief of Defendant Atlanta PD, operating and acting under color of law, custom, and usage, and as an agent of Defendants City of Atlanta and Atlanta PD. Said Defendant is subject to the jurisdiction of this Court.

9.

At all times pertinent to the events alleged herein, Defendants Locke and Turner, individually, were acting under color of law, custom, and usage as set forth herein.

10.

On July 3, 2014, Officers Carter and Austin of Atlanta PD were called to a disturbance located at 150 Adair Avenue, Atlanta, Georgia. Upon information and belief, Plaintiff alleges that Officers Carter and Austin, after receiving a description of an individual believed to be the

decedent, were unable to locate the decedent and left the location before the incident in question in response to another 911 call. At the time, Officers Carter and Austin were specifically made aware of the decedent's mental and physical instability.

11.

Defendant Locke initially responded to the 150 Adair Avenue, Atlanta, Georgia, location wherein he encountered Plaintiff herself, who specifically informed Defendant Locke that the decedent suffered from dementia and hearing loss. Further, Defendant Locke knew, or should have known, of decedent's mental and physical instability prior to arriving and encountering Plaintiff, because both Atlanta PD Dispatch and Officers Carter and Austin were aware of the decedent's disabled state. After being made aware of Decedent's dementia and hearing loss, Defendant Locke then embarked upon a search for decedent.

12.

At the time Defendant Locke initially observed the decedent, he had no probable cause to believe that he had committed a crime and decedent was not seen committing any crime. The decedent simply matched the physical description of the individual for which Defendant Locke was searching.

13.

Upon information and belief, Plaintiff alleges that the purpose of the attempted arrest of the decedent was to determine what had transpired at 150 Adair Avenue between the decedent and an individual named Henry Hancock. Defendant Locke should have employed less intrusive means other than those utilized, but due to his gross and plain incompetence, which amounts to callous indifference to the constitutional and civil rights of the decedent, he did not.

14.

At the time Defendant Locke approached the decedent on Claire Drive, no exigent circumstances existed and Defendant Locke had no warrant for his arrest.

15.

When Defendant Locke approached the decedent at the time and place in question, on July 3, 2014, the decedent, in fact, had committed no crime known to this officer.

16.

At the time and place in question, when Defendant Locke approached the decedent on Claire Drive, he had no reasonable or articulable suspicion that the decedent was dangerous or presented any danger to him.

17.

As set forth herein, before approaching the decedent on Claire Drive, Defendant Locke knew or should have known the decedent not only suffered from dementia but was also hard of hearing.

18.

Before approaching the decedent on Claire Drive, in violation of proper police procedure, Defendant Locke did not call or ask for the assistance of additional units.

19.

On the date in question before he shot and killed the decedent, Defendant Locke encountered the decedent walking alone on Claire Drive.

20.

The decedent was acting lawfully when he was simply walking on Claire Drive, bothering no one, when he was suddenly confronted by Defendant Locke.

21.

While the decedent was in the lawful process of simply walking through his neighborhood, as was his absolute right, Defendant Locke suddenly descended upon him in such a manner as would startle, frighten, and/or confuse any reasonable person, but particularly someone who suffered from dementia and had difficulty hearing.

22.

At the time Defendant Locke approached the decedent, no lights or sirens were employed by Defendant Locke and instead, he suddenly and rapidly approached the decedent on Claire Drive.

23.

Before he shot and killed the decedent, Defendant Locke descended upon him in such a manner as to place the decedent in reasonable apprehension of receiving a violent injury, in that Defendant Locke was brandishing a firearm and pointing it at the decedent while suddenly coming towards the decedent as he stood on the sidewalk.

24.

It is a violation of proper police procedure to endanger private citizens and cause them to be in reasonable apprehension of receiving a violent injury by acting in a manner that would cause a reasonable person, much less a person suffering from dementia and hearing loss, to mistake a police officer as a threat. Defendant Locke either knew or should have known that his actions were not authorized by law.

25.

It is objectively unreasonable to brandish a weapon on a private citizen if it is the intent of the law enforcement officer to question a citizen and particularly in circumstances where, as

here, an officer has no arguable probable cause or articulable reasonable suspicion to believe that the citizen being approached presented a danger to them.

26.

While rushing at the decedent on foot and while pointing a weapon at him, Defendant Locke did startle, frighten, and confuse the decedent.

27.

Defendant Locke employed deadly force against the decedent and shot the decedent multiple times with his firearm.

28.

Defendant Locke panicked and acted as he did in part due to a lack of proper training regarding the appropriate use of deadly force.

29.

Because Defendant Locke's conduct unreasonably created his own perceived need to use deadly force, such use of force was unreasonable, even if Defendant Locke subjectively believed such force was necessary to prevent death or severe bodily injury.

30.

Unconstitutional and illegal conduct, such as that involved here, that precipitates an alleged need to use deadly force, violated the decedent's rights under the Constitution and laws of the United States, and such use of force was unreasonable given the totality of the circumstances which existed at the time.

31.

Under such circumstances, when judged by objective standards, a reasonable police officer would have known at the time and place in question that:

7

a) If he rushed at a suspect, especially a suspect knowingly suffering from dementia and hearing loss, he might startle, confuse and/or frighten an unsuspecting citizen and innocent person;

b) If he rushed at the unsuspecting person, especially one knowingly suffering from dementia and hearing loss, on foot, this might not only startle, confuse, and frighten such innocent person, but it also might create a condition of apprehension of potentially receiving a violent injury in the mind of the person being approached in such a manner;

c) Foreseeable confusion could be created by rushing at a suspect, especially one knowingly suffering from dementia and hearing loss. If the purpose of the approach of the person was merely to question them, that they should instead:

1) call for a backup unit, if at all possible; and

2) approach on foot, calmly and professionally clearly identifying himself with a clear display of credentials, under circumstances where the person being approached would not be confused, startled or frightened, but would instead have adequate and sufficient time to clearly identify the individual approaching as a law enforcement official.

32.

At all times pertinent to the events alleged herein, Defendant Locke failed to adhere to proper standards of police conduct, was plainly incompetent in his actions as described, and therefore violated the constitutional rights of decedent as guaranteed by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

33.

At the time Defendant Locke approached the decedent on Claire Drive and used deadly force against him, his actions were objectively unreasonable.

34.

Upon information and belief, Defendant Locke either knew or should have known that he was violating the law in the manner and method of the attempted arrest of the decedent.

35.

At the time Defendant Locke shot the decedent, no reasonable police officer would have believed that the decedent's actions were unlawful or that the use of deadly force against him was reasonable or necessary.

36.

Just before shooting the decedent, Defendant Locke, through his incompetent, unconstitutional and illegal conduct, had unreasonably created a physically threatening situation for the decedent. Under these circumstances, he enjoys no immunity for the use of the deadly force which was then employed against the decedent.

37.

Because of his own incompetency and due to his unauthorized, illegal and unreasonable conduct, all of which violated the decedent's constitutional rights, Defendant Locke used deadly force against the decedent when it was not objectively reasonable to do so.

38.

At the time and place in question, given his dementia and difficulty hearing his surroundings, the decedent did not recognize Defendant Locke as a law enforcement official, as was known to said Defendant, and he had a right to defend himself and to retreat from Defendant Locke's perceived aggressive actions.

39.

At the time Defendant Locke decided to approach the decedent and before he was shot, Defendant Locke knew or should have known that he was unlawfully attempting to seize the person of the decedent in violation of proper police procedure.

40.

There was no justification for the shooting of the decedent in that if Defendant Locke were in any danger, Defendant Locke placed himself in said danger by failing to follow proper procedure and as such failed to exercise ordinary care for his own safety in so doing. In addition, at the time the decedent was shot, the decedent was merely walking through his own neighborhood and was not seen to be behaving in such a manner as to create in the mind of a reasonable police officer, when judged by objective standards, that he was voluntarily and intentionally attempting to harm him.

41.

During the encounter described herein, the decedent was shot by Defendant Locke in his arm and chest and did justifiably experience shock, fright and terror as a result of Defendant Locke's assault upon him.

42.

Subsequent to Defendant Locke discharging his firearm, the decedent was in extreme pain, having been shot in his arm and chest and while dying from his injuries.

43.

Before the decedent died from the injuries he sustained during the encounter with Defendant Locke, the decedent was subjected to extensive mental and physical pain and suffering as a result of the ordeal that Defendant Locke created.

44.

Following the unreasonable assault and battery upon his person as described, the decedent died on July 3, 2014 at the Claire Street location where he was walking through his neighborhood just prior to the encounter with Defendant Locke.

45.

At no time during the event described herein was decedent armed with any weapon, or any instrument intended for use as a weapon, nor did he pose a threat to the safety of others. He had not committed any criminal offenses known to Defendant Locke at the time that he approached him nor did he commit any offense in Defendant Locke's presence thereafter. The decedent simply matched the physical description of the individual for which Defendant Locke was searching.

46

At no time did the decedent approach Officer Locke, nor did the decedent willfully or intentionally intend to harm anyone as he walked through his neighborhood, nor did he subsequently attempt to escape the threatening encounter described herein.

47.

Under the circumstances existing at the time and place in question, no reasonable officer could have believed that the decedent's actions were unlawful or that the use of deadly force against him was justified.

48.

The actions of Defendant Locke violated the following clearly established and well settled federal constitutional rights of the decedent:

a)      Freedom from unreasonable seizure of his person; and

11

b)      Freedom from the use of excessive, unreasonable and unjustified force against his
person.

49.

As a direct and proximate result of the acts of Defendant Locke, the decedent suffered the
following injuries and damages:

a)      A violation of his constitutional rights under the Fourth and Fourteenth
Amendments to the United States Constitution to be free from unreasonable
search and seizure of his person;

b)      Physical and emotional pain, suffering and trauma, requiring the
expenditure of money for his end of life arrangements; and

c)      Loss of his life.

## COUNT I: 42 U.S.C.§ 1983 - WRONGFUL DEATH
## (AGAINST DEFENDANT LOCKE
## IN HIS INDIVIDUAL CAPACITY)

50.

The Plaintiff reiterates paragraphs 1-49 above as though fully and completely set forth
verbatim herein.

51.

At the time of his death, Lewis Williams Jr. was 65 years old and had a life expectancy of
13 years, according to the Commissioners 1958 Standard Ordinary Mortality Table.

52.

The Plaintiff claims damages for the wrongful death of her husband and seeks damages
for the full value of the life of Lewis Williams Jr. in her capacity as his heir-at-law and surviving
spouse.

12

## COUNT II: 42 U.S.C. § 1983 –SURVIVAL ACTION

53.

The Plaintiff reiterates paragraphs 1-52 above as though fully and completely set forth verbatim herein.

54.

As set forth herein, Lewis Williams Jr. was forced to endure great conscious mental and physical pain and suffering before his death.

55.

In that the decedent suffered conscious pain and suffering prior to his death, under the laws of the state of Georgia, such claims may be brought by the Administratrix of his Estate against the Defendants named herein.

56.

In her representative capacity, the Plaintiff claims damages for the conscious pain and suffering of her deceased husband and for necessary funeral expenses incurred as a result of the unlawful and unauthorized actions as described herein under 42 U.S.C. § 1983 and under Georgia law.

## COUNT III: 42 U.S.C. § 1983 AGAINST THE ATLANTA POLICE DEPARTMENT AND POLICE CHIEF GEORGE TURNER IN THEIR INDIVIDUAL CAPACITIES

57.

The Plaintiff reiterates paragraphs 1-56 above as though fully and completely set forth verbatim herein.

13

58.

Prior to July 3, 2014, Defendants City of Atlanta, Atlanta PD, and Turner developed and maintained policies or customs exhibiting a deliberate indifference to the constitutional rights of persons.

59.

It was the policy and/or custom of Defendant Atlanta PD to inadequately supervise and train its police officers (and fail to hold them accountable for adhering to professional standards of conduct), including the individual defendant officer Locke named herein, thereby failing to adequately discourage constitutional violations on the part of its officers.

60.

Defendants City of Atlanta, Atlanta PD and Turner were responsible for governing the conduct of Zone 3's oversight responsibilities, including the development and adoption of standard operating procedure upon which Zone 3 activities would be based. Notwithstanding this agreement, upon information and belief, as of July 3, 2014, said Defendants did fail to develop and adopt standard operating procedures with respect to the activities of police officers working for Defendant Atlanta PD, thereby allowing them to make decisions without proper constitutional guidance.

61.

Defendants City of Atlanta, Atlanta PD and Turner were responsible for having in place a procedure for the conduct and coordination of investigative seizure, surveillance and use of force. Nonetheless, upon information and belief, no such procedures were in force or had been adopted by the Atlanta PD as of July 3, 2014. In addition, as of the date of the subject incident, Defendant Locke had not been qualified for the weapon entrusted to him nor had he received any

training from his employers on the proper use of force in his capacity as an officer of Defendant Atlanta PD.

62.

At the time of the subject incident, the Defendants Atlanta PD and Turner failed to verify that Defendant Locke was qualified for the positions he held, qualified to be entrusted with dangerous weapons, or properly trained on the use of force.

63.

As a result of failing to be provided with standard operating procedures governing his conduct, and as a result of failing to demonstrate to him accountability for violations of proper police procedure, including procedures pertaining to their lawful authority, the use of force, and proper use of firearms, Defendant Locke believed that his actions would not be properly monitored by his supervisory officers and that any misconduct he committed would not be investigated or sanctioned, but instead would be tolerated without any accountability.

64.

Even though Defendants City of Atlanta, Atlanta PD, and Turner were responsible for implementing policies governing the conduct of officers that they hired, nonetheless, they did not do so and hired individuals, such as Defendant Locke, who were not qualified for their positions by virtue of their backgrounds. In addition, they failed to properly train them on use of force, they failed to properly qualify them on weapons entrusted to them and they failed to properly provide them with standard operating procedures governing the procedures for the conduct and coordination of investigative seizure and use of force on the date of the subject incident.

65.

By failing to adequately supervise and train Defendant Locke and hold him accountable for adhering to professional standards of conduct, and by hiring an officer who was not qualified

15

to be entrusted with a firearm and trained on the proper use of force thereafter, Defendants

Atlanta PD and Turner did act unreasonably under objective standards and/or did demonstrate a

deliberate indifference to the constitutional rights of persons within their jurisdictions, which in

part was a cause of the violations of decedent's rights alleged herein

## COUNT IV: ASSAULT AND BATTERY – STATE LAW WRONGFUL DEATH CLAIM

66.

The Plaintiff reiterates paragraphs 1-65 above as though fully and completely set forth

verbatim herein.

67.

With respect to her state law claims asserted herein, Plaintiff alleges that at the time

Defendant Locke shot the decedent, Defendant Locke did act outside the scope of his authority in

the manner and method of his attempted arrest of the decedent. He is entitled to no immunity for

such unauthorized actions. Alternatively, and additionally, Plaintiff alleges that Locke did act

with deliberate intent to willfully and wrongfully harm the decedent as he was walking in his

own neighborhood.

68.

At the time and place in question, Defendant Locke did commit acts which placed the

decedent in reasonable apprehension of immediately receiving a violent injury. Defendant

Locke did thereafter commit a battery upon the decedent by shooting him.

69.

As a result of the unauthorized and unlawful assault and battery committed upon the

Plaintiff's deceased husband, the Plaintiff is entitled to monetary damages for the wrongful death

of her husband under Georgia law and seeks compensation for the full value of the life of her decedent.

## COUNT V: ASSAULT AND BATTERY – STATE LAW ESTATE'S CLAIMS

70.

The Plaintiff reiterates paragraphs 1-69 above as though fully and completely set forth verbatim herein.

71.

With respect to her state law claims asserted herein, Plaintiff alleges that at the time Defendant Locke shot the decedent, Defendant Locke did act outside the scope of his authority in the manner and method of his attempted seizure of the decedent. He is entitled to no immunity for such unauthorized actions. Alternatively, Plaintiff alleges that he did act with deliberate intent to willfully and wrongfully harm the decedent as he was walking in his own neighborhood bothering no one.

72.

At the time and place in question, Defendant Locke did commit acts which placed the decedent in reasonable apprehension of immediately receiving a violent injury and Defendant Locke did thereafter shoot him, thereby causing him conscious pain and suffering prior to his death. In her capacity as Administratrix of the Estate of her deceased husband, the Plaintiff seeks damages proximately caused by the assault and battery upon her husband prior to his death, including compensation for conscious pain and suffering experienced prior to death and for reimbursement of medical expenses incurred as well as for the funeral expenses attendant to.

## COUNT VI: NEGLIGENT BREACH OF MINISTERIAL DUTIES AGAINST DEFENDANTS LOCKE AND TURNER IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AND AGAINST THE CITY OF ATLANTS AND THE ATLANTA PD

73.

The Plaintiff reiterates paragraphs 1-72 above as though fully and completely set forth verbatim herein.

74.

Under Georgia Law, any peace officer who does not fulfill the training requirements required to maintain his/her current authorization to act as a peace officer under the laws of the state loses their powers under Georgia law. Nonetheless, the Defendant Turner did hire Defendant Locke and Defendant Locke himself did fail to keep his hours in compliance with state law.

75.

Based on their respective breach of their ministerial duties, Defendant Locke had no authority to exercise the powers of a law enforcement officer generally, and particularly in areas involving the power of arrest. He was nonetheless negligently permitted to do so by Defendant Chief Turner, who also negligently failed to verify that Defendant Locke complied with the provisions of Georgia law.

76.

The breach of the duties set forth herein are ministerial duties set forth in O.C.G.A. §§§ 35-8-10, 35-8-17 and 35-8-21.

77.

Defendants City of Atlanta and Atlanta PD, were acting by and through their designated agent, Defendant Turner, when the decision was made to hire Defendant Locke and to entrust him with a firearm. This decision also constituted the breach of a ministerial duty in violation of

18

Georgia law.  Accordingly, Plaintiff contends herein that Defendants City of Atlanta, Atlanta

PD, Locke and Turner acted outside the bounds of Georgia law on the day of the subject incident

and negligently did, through their acts and omissions, combine and concur with one another in

committing acts which violated Georgia law, all of which substantially contributed to the

wrongful death of Plaintiff's deceased husband.  All Defendants named herein are covered under

policies of insurance for the negligent acts complained of herein.

## COUNT VII:  NEGLIGENCE CLAIMS AGAINST DEFENDANTS LOCKE AND TURNER IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

78.

The Plaintiff reiterates paragraphs 1-77 above as though fully and completely set forth

verbatim herein.

79.

Because Defendant Locke was acting outside the scope of his authority at the time of the

subject incident, he is not entitled to immunity nor is Defendant Turner, who is vicariously

responsible for his actions.  Defendant Locke was performing an official function at the time of

the subject incident, and because immunity has been waived through the purchase and provision

for insurance coverage, both Defendants Locke and Turner are liable for the negligent acts

alleged herein.

80.

At the time of the shooting at issue, Defendant Locke acted negligently in failing to fulfill

his ministerial duties in maintaining his compliance with the rules and regulations of the Georgia

Peace Officers' Standards and Training Council.  He failed to satisfy the minimal standards set

by the Georgia Peace Officers' Standards and Training Council, and in particular failed to fulfill

the minimum standards required for the use of force for any law enforcement officer in Georgia.

81.

Because of his negligence in failing to keep his mandated requirements current, Defendant Locke was not properly trained on the use of force, was not qualified on the use of the firearm, and failed to exercise ordinary care as a reasonable police officer would have exercised when faced with the same and similar circumstances.

82.

Because Defendant Turner is vicariously liable under Georgia law for the acts and omissions committed by police officers working under his command, both Defendant Turner and Defendant Locke are liable for the negligent acts described herein, which negligence substantially contributed to the wrongful death of Plaintiff's deceased husband. Additionally, due to the negligence of the Defendants as described herein, the Plaintiff is entitled to damages in her capacity as Administratrix of her deceased husband's estate.

## COUNT VIII: ATTORNEY'S FEES
## (AGAINST ALL DEFENDANTS)

83.

The Plaintiff reiterates paragraphs 1-82 above as though fully and completely set forth verbatim herein.

84.

The Defendants have acted in bad faith and have been stubbornly litigious and have caused the Plaintiff unnecessary trouble and expense. The Plaintiff seeks attorney's fees under 42 U.S.C. § 1988 and under O.C.G.A. § 13-6-11 as a result of such conduct and under federal law for the vindication of important civil and constitutional rights guaranteed by the U.S. Constitution.

**WHEREFORE,** Plaintiff, Teresa Williams, prays:

a)      That she be granted a jury trial as to all issues so triable;

b)      That she recover compensatory damages in an amount sufficient to compensate her for the full value of the life of her deceased husband;

c)      That she recover damages for the conscious pain and suffering her deceased husband experienced prior to his death as well as reimbursement for medical expenses, funeral and burial expenses incurred as a result thereof;

d)      That she receive an award for all damages recognized by law and recoverable for the violations of her husband's rights as guaranteed by the Fourth Amendment of the U. S. Constitution;

e)      That she recover reasonable attorney's fees and costs in connection with her civil rights claims as set forth herein and/or that she recover attorney's fees and costs in connection with her state law claims; and

f)      For such other and further relief as this Court deems just and proper.

This 1st day of July, 2015.

Respectfully submitted,

**KENNETH S. NUGENT, P.C.**

_____

Jan P. Cohen
Georgia Bar No. 174337
Kaitlin Nugent Hammill
Georgia Bar No. 387160
Charles R. Adams, III
Georgia Bar No. 002701
Attorneys for Plaintiff

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, Georgia 30096
T: (770) 495-6608
F: (770) 495-6769
knhammill@attorneykennugent.com
jcohen@attorneykennugent.com
cadamsIII@attorneykennugent.com